Filed 8/26/25  P. v. Tashchyan CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>NERSES TASHCHYAN,<br><br>　　Defendant and Appellant. | F088105<br><br>(Super. Ct. No. F08905779)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Nerses Tashchyan, in pro. per.; and John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Detjen, J. and Meehan, J.

Appellant Nerses Tashchyan appeals from the sentence imposed after the trial court held a resentencing hearing to consider whether, under modifications made by Senate Bill No. 620 (2017–2018 Reg. Sess.), it would strike a Penal Code section 12022.53[1] firearm enhancement previously imposed.  Appellant's counsel initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting this court independently review the record and suggesting as an alternative, the court proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant then submitted a separate supplemental letter brief raising points he wishes to have reviewed.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a 2008 shooting and two subsequent trials that eventually resulted in appellant being convicted of murdering his daughter-in-law's father, Souren Avetisian (the victim).  The record as recited in appellant's prior appeal shows that appellant admitted to shooting the victim but raised several defenses, including being too drunk to recall the incident, the shooting resulted from a struggle over the gun, and appellant suffered from certain mental impairments, including dementia, due to a past head injury.  (See *People v. Taschyan* (Aug. 14, 2017, F069692) [nonpub. opn].)  Appellant was sentenced to a term of 25 years to life on the murder conviction along with a second, consecutive term of 25 years to life for using a firearm under section 12022.53.

In 2023, appellant filed a petition for writ of habeas corpus arguing that Senate Bill No. 620 (2017–2018 Reg. Sess.) required a resentencing hearing so that appellant could request the trial court exercise its discretion to strike the firearm enhancement.  The People conceded a resentencing hearing was proper, and the case was returned to the trial court.  The trial court granted the habeas petition and resentenced appellant.

---

[1] Undesignated statutory references are to the Penal Code.

For resentencing, appellant argued the trial court should set aside his firearm enhancement under section 1385, subdivision (c) both because application of the enhancement could result in a sentence over 20 years and because the murder was connected to mental illness. Evidence submitted with the sentencing memorandum showed appellant suffered a brain injury in 2007, suffered from effects of that incident, and that appellant had been declared incompetent to stand trial for a period of time in 2010 due to dementia.

The People argued these factors were not applicable. For the first claim, the People noted that the enhancement was being added onto an already existing 25-year-to-life sentence and thus did not result in a sentence of more than 20 years. For the second claim, the People argued that no evidence tied the alleged mental issues with appellant's actual crime. In general, the People argued against striking the enhancement, given the nature of the offense, and argued striking the enhancement would endanger public safety.

Relying primarily on the sentencing memoranda submitted to it, the trial court denied appellant's request to dismiss the firearm enhancement. The court found the crime involved great violence, given appellant shot the victim twice in the face and did so due to a personal hatred of the victim and a long-standing feud. The court found it particularly egregious that appellant chose to shoot the victim while he was babysitting appellant's grandchildren and concluded appellant's conduct was extremely violent and represented a serious danger and threat to society. Although noting appellant's advanced age and medical history, the court found that "there was nothing about the current offense that suggested it was connected to a mental illness, or that [appellant] was suffering from a mental or physical condition that significantly reduced his culpability for the crime. There is no evidence whatsoever that [appellant]'s brain injury contributed to the shooting."

Based on these findings, the trial court imposed the same sentence previously imposed, a 25-year-to-life sentence for murder with a consecutive 25-year-to-life sentence for the firearm enhancement. This appeal timely followed.

Counsel filed a no issue brief under *Wende* and further argued that, even if this case fell under *Delgadillo, supra*, 14 Cal.5th 216,[2] this court should exercise its discretion to independently review the record. In response, appellant filed a supplemental letter brief raising three claims.

## DISCUSSION

As noted above, appellant's counsel has filed a brief asserting he found no arguable issues on appeal, and appellant has filed a subsequent letter brief asserting issues he contends are worth review.

### *Applicable Law*

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119 (*Kelly*).)

"[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to

---

[2] This appeal arises out of appellant's resentencing after a prior successful habeas corpus petition and not out of the statutory resentencing procedures underlying *Delgadillo*. This court finds *Delgadillo* inapplicable but notes that no difference would arise were the case applicable.

the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

"[I]n affirming the judgment rendered in a *Wende* appeal, the Court of Appeal must prepare a written opinion that describes the contentions personally raised by the defendant and the reasons those contentions fail. In addition, the Court of Appeal must provide a brief description of the underlying facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed," along with any further information the court deems appropriate for an adequate written opinion. (*Kelly, supra*, 40 Cal.4th at p. 124.)

### Appellant's Supplemental Brief Issues Fail

Appellant's first claim in his supplemental briefing is that he received ineffective assistance of counsel when his trial counsel failed to provide a more robust claim that he acted in self-defense or under the influence of a mental disorder. However, the record does not disclose why trial counsel made these types of tactical decisions, and counsel's conduct does not fall within the type that can be claimed as clearly improper. (See *People v. Holt* (1997) 15 Cal.4th 619, 704.)

Appellant's second claim alleges the trial court's decision not to dismiss his gun enhancement was arbitrary, capricious, irrational, unreasonable, and erroneous. However, the trial court reasonably articulated its analysis, and there is substantial evidence in the record to support the decision. (See *Kelly, supra*, 40 Cal.4th at p. 126 [rejecting claim where evidence in the record sufficient to support verdict].)

Appellant's third claim alleges the trial court was unaware of its discretionary authority to impose an uncharged lesser included firearm enhancement outside of section 12022.53 after striking a charged and proven section 12022.53 enhancement. (See *People v. McDavid* (2024) 15 Cal.5th 1015, 1030 [additional discretion applicable once a court has acted under § 12022.53, subd. (h)].) However, here the court did not

find it appropriate to strike the original enhancement and thus never reached the point where the allegedly unknown discretion would be applicable.

In reviewing the issues raised in appellant's letter brief, this court undertook a thorough review of the record and is satisfied no arguable errors exist that would result in a disposition more favorable to appellant. (See *Wende, supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.